**Decided October 16, 1987**

DISTRICT COURT OF THE
NORTHERN MARIANA ISLANDS

APPELLATE DIVISION

COMMONWEALTH OF THE NORTEHRN )     DCA NO. 87-9014
MARIANA ISLANDS,             )     TRAFFIC CASE NO 87-887TDD
                      )
    Plaintiff-Appellee,      )
                      )          OPINION
      v.                     )
                      )
ANGELITO MALIT,           )
                      )
    Defendant-Appellee.    )
                      )

For the Appellant:        REYNALDO O. YANA, ESQ.
                       Attorney at Law
                       Susupe Village
                       P.O. Box 52
                       Saipan, CM 96950
                       Telephone: 234-6529

For the Appellee:         ROBERT NARAJA, ESQ.
                       Assistant Attorney General
                       CNMI Attorney General's Office
                       Capitol Hill
                       Saipan, CM 96950
                       Telephone: 322-4311

Before:   LAURETA and KING,* District Judges, and MUNSON,**
        Judge.

---

\*    The Honorable Samuel P. King, Senior U.S. District Judge for
     the District of Hawaii, sitting by designation.

\*\*   Honorable Alex R. Munson, Chief Justice, Trust Territory High
     Court, sitting pursuant to 48 U.S.C. §1694(b).

MUNSON, Judge:

Appellant Angelito Malit was convicted in the Commonwealth Trial Court for driving under the influence of intoxicating liquor. He appeals on the grounds that his confession was erroneously introduced into evidence.

On May 29, 1987, at 12:35 a.m., Officers Teregeyo and Ngiraibuuch were dispatched to investigate a reported automobile accident in Chalan Monsignor Guerrero Road in Chalan Kiya. Upon arriving at the scene, the officers discovered a red sedan resting on the shoulder of the road. No one was in the car, but the hood was still warm.

Officer Teregeyo noticed two persons walking away from the scene and looking back over their shoulders. With the squad car's "mars" lights on, Teregeyo used a loudspeaker to call to the two to return. When the two did not respond, Teregeyo again commanded that they come. This time, they turned around and staggered toward the officers. When they arrived, Teregeyo asked who owned the car, and Angelito Malit responded, "It's mine and I was driving it."

The officers noticed Malit was staggering and smelled alcohol on his breath, so they administered two field sobriety tests, which Malit failed. Malit was taken to the police station, where he took and failed two additional sobriety tests. He submitted to a breathalyzer test and the result indicated a blood alcohol level of .19.

Malit was convicted of driving under the influence of

**192**

-intoxicating liquor. He appeals from that conviction on the ground that his confession to Officer Teregeyo that was driving the car should not have been admitted in evidence.

Malit argues that his confession was obtained in the course of an unreasonable seizure which violated his rights under the Fourth Amendment. The Government does not dispute that Malit was seized, but maintains that he was subjected to an inves.igative stop that did not violate the Fourth Amendment.

Investigative stops by law enforcement officers do not offend the Fourth Amendment if the officer has a reasonable and articulable suspicion that the person seized is engaged in criminal activity. Terry v. Ohio, 392 U.S. 1 (1968); United States v. Kerr, 817 F.2d 1384, 1387 (9th Cir. 1987); United States v. Sokolow, 808 F.2d 1366, 1369 (9th Cir. 1987). This panel reviews de novo the trial court's conclusion that a reasonable suspicion existed. Kerr, 817 F.2d at 1386, Sokolow, 808 F.2d at 1369. See, United States v. Palmer, 603 F.2d 1286, 1287 (8th Cir. 1979), for a fact situation similar to the instant case.

In this case, the Government maintains that Teregeyo was under a reasonable suspicion that Malit was in violation of 9 CMC §6101(a) and (c), which requires the operator of a vehicle involved in an accident resulting in injury to a person or damage to property to stop the vehicle and render assistance to any persons injured.

There is no evidence in the record that Officers

Teregeyo and Ngiraibuuch had any reason to believe that this accident involved injury to a person or damage to property. If there was no injury or damage, the officers could not have had a reasonable and articulable suspicion that Malit was engaged in a violation of §6101(a) and (c). Accordingly, Malit's statement that he was the driver of the car should have been suppressed as evidence obtained pursuant to a seizure which violated the Fourth Amendment.

Appellant also argues that his confession should have been suppressed because he was not given Miranda warnings before being questioned. Because our holding on the seizure issue is sufficient to dispose of this case, we need not address the Miranda issue.

REVERSED.

_____
Alex R. Munson
Judge

_____
Alfred Laureta
Judge

_____
Samuel P. King
Judge